IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | No. |
| CHARLES CARRIER | 3-25CR-239 X |

**INFORMATION**

The Acting United States Attorney Charges:

At all times material to this Information:

Introduction

1.  Defendant **Charles Carrier** was the founder and President of C&C Residential Properties, Inc. ("C&C"), a company based in Dallas, Texas, engaged in the business of acquiring, rehabilitating, and selling residential real estate. **Carrier** operated C&C as a franchisee of HomeVestors of America, Inc.

2.  To finance his real estate business, **Carrier** solicited investments from numerous individuals, falsely representing that their funds would be used to purchase and renovate specific residential properties, which would then be resold ("flipped") for profit.

3.  In reliance on **Carrier's** representations, numerous individuals invested funds with **Carrier** and C&C. These investors acted as private lenders, providing cash for what they believed were secured, property-specific investments.

4.  In return, investors received promissory notes promising fixed returns of typically between eight and ten percent. As additional security, **Carrier** provided

investors with deeds of trust purportedly securing their investments with liens on the specific properties. These deeds of trust were meant to allow investors to foreclose on the properties if **Carrier** defaulted on repayment of their principal or interest payments.

5.   **Carrier** further represented that the deeds of trust would be submitted to the title company and recorded in the public records with the appropriate county clerk's office.

6.   When a property was sold, investors were told that their money would remain protected within the title company's escrow system. Carrier repeatedly assured investors that their funds would remain secure "in title."

## The Scheme to Defraud

7.   From in or about September 2018 and continuing through in or about October 2024, in the Dallas Division of the Northern District of Texas and elsewhere, the defendant, **Charles Carrier**, knowingly and with intent to defraud, devised and executed a scheme to defraud investors and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and for the purpose of executing the scheme, used and caused to be used wire communications in interstate commerce.

8.   First, to induce individuals to invest, **Carrier** misrepresented the safety and security of the investments. He falsely promised that investors would receive a first-position lien recorded against a specific property, secured by a deed of trust, and supported by a favorable loan-to-value ratio. In reality, **Carrier** frequently failed to record the deed of trust—or never filed it at all—thereby leaving the investors unsecured.

Information—Page 2

9. Second, even where **Carrier** provided investors with what appeared to be valid lien documents, he had already encumbered the same property with other liens and additional deeds of trust—without disclosing this to investors. Thus, investors did not hold the first-position liens they were promised.

10. Third, **Carrier** sold or deeded away properties that investors believed were securing their investments—without repaying those investors or even informing them of the transactions. In numerous instances, **Carrier** facilitated these sales by preparing and filing forged or unauthorized releases of lien, fraudulently purporting to bear the signatures of the affected investors.

11. Fourth, **Carrier** made and caused others to make false and misleading statements about his own financial condition, the financial condition of C&C, and the use of investor funds. Rather than using investor money for property acquisitions and rehab, **Carrier** diverted funds to pay unrelated business expenses, personal credit card balances, and returns to earlier investors.

12. In total, **Carrier's** fraudulent scheme resulted in total investor losses of at least $39,514,300.00.

<u>Count One</u>
Wire Fraud
(Violation 18 U.S.C. § 1343)

13. The allegations set forth in paragraphs 1 through 12 of this Information are repeated and realleged as if fully set forth herein.

14. Between in or about September 2018 and in or about October 2024, within the Northern District of Texas, Dallas Division, and elsewhere, defendant **Charles Carrier**, knowingly and with intent to defraud, devised and intended to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises as further described in paragraphs 1 through 12 above. For the purpose of executing the scheme described above, defendant **Charles Carrier** transmitted and caused to be transmitted by means of wire communication in interstate commerce writings, signs, signals, pictures, and sounds, to wit: on or about May 24, 2024, a wire transfer in the amount of $200,000 from investor R.H.'s Wells Fargo bank account ending in 6448 to C&C's T Bank account ending in 4579.

In violation of 18 U.S.C. § 1343.

Forfeiture Notice

(18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c))

Upon conviction of the offense set forth in Count One of this Information, the defendant, **Charles Carrier**, shall forfeit to the United States of America, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense.

The property subject to forfeiture, includes, but is not limited to a "money judgment" in the amount of the U.S. currency constituting the gross proceeds traceable to the offense.

If any of the property described above, as a result of any act or omission of the defendant:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

CHAD E. MEACHAM
ACTING UNITED STATES ATTORNEY

*/s/ Joshua D. Detzky*

JOSHUA D. DETZKY
Assistant United States Attorney
New Jersey Bar No. 037172011
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Telephone:  214-659-8600
Facsimile:  214-659-8812
Email:       joshua.detzky@usdoj.gov